Filed 5/20/15  P. v. Sherman CA2/8

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B260007 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA048295) |
| v. | |
| WILLIE C. SHERMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

Kathleen Caverly, under appointment by the Court of Appeal, for Defendant and Appellant.

No response by Respondent.

_____

In 2002, defendant was convicted, by guilty plea, of one count of second-degree robbery. He was sentenced to 25 years to life under the Three Strikes law (Pen. Code, §§ 667, subd. (b)-(i), 1170.12), as he had suffered three prior robbery convictions.

On January 8, 2014, defendant filed a petition for recall of sentence and resentencing pursuant to Penal Code section 1170.126. The court appointed counsel for defendant. Defendant stipulated that his petition could be heard by Judge Ryan.

Judge Ryan denied the petition with prejudice on the basis that defendant's current offense – robbery – was a violent felony (Pen. Code, § 667.5, subd. (c)(9)), rendering defendant statutorily ineligible for resentencing. (Pen. Code, § 1170.126, subd. (e)(1).) Defendant filed a timely notice of appeal. The denial of a resentencing petition on the basis that the defendant is ineligible for resentencing is an appealable order. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596.)

On March 17, 2015, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she had reviewed the record and had sent defendant a letter advising him of her intention to file a *Wende* brief and that he could file a supplemental brief if he chose to do so. That same day, this court sent defendant a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief or letter raising any issues he wished this court to consider. Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436.) By the plain language of Penal Code section 1170.126, defendant was ineligible for resentencing, and his petition was properly denied.

## DISPOSITION

The judgment is affirmed.


                                        RUBIN, ACTING P. J.

WE CONCUR:



        FLIER, J.



        GRIMES, J.

3